UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:06-CR-30 |
| V. | ) | (JARVIS/GUYTON) |
| | ) | |
| MARK A. TINDELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on October 16, 2006, for a hearing on Defendant's Motion (by letter) to Withdraw Plea [Doc. 18], filed on August 29, 2006, and the Motion To Withdraw [Doc. 24] filed by defendant's counsel, Patrick Phillips, on October 5, 2006. Assistant United States Attorney Tracy Stone was present representing the government. Attorney Patrick Phillips was present representing Defendant Tindell, who was also present.

In Defendant's motion [Doc. 18], the defendant states that he desires to move the Court for permission to withdraw his previously entered plea in this case, and for the Court to appoint a new lawyer for him. Defendant's counsel also requests permission to withdraw [Doc. 24]. At the hearing, the government stated that it had no objection to Mr. Phillips' withdrawal, but requested additional time within which to respond to the portion of Defendant's motion pertaining to Defendant's guilty plea.

Based on the entire record in the case, the Court concluded that good cause exists to

1

allow Mr. Phillips to withdraw and to appoint new counsel for Defendant. The Court found that the trust necessary for an adequate defense no longer existed in the attorney-client relationship and that the situation was unlikely to improve.

For the reasons more fully discussed in the hearing, the Court finds that good cause exists to warrant substitution of counsel and, thus, Defendant's motion [**Doc. 18**] is **GRANTED** with regard to the representation issue only, and Mr. Phillips is relieved as counsel for Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for Defendant to be continuously represented by conflict-free counsel. At the October 16, 2006 hearing, Attorney Robert Vogel appeared by telephone and agreed to accept representation of Defendant. The Court therefore and hereby substitutes and appoints Mr. Vogel under the Civil Justice Act (CJA) as counsel of record for Defendant Tindell.

With regard to the portion of Defendant's motion [Doc. 18] pertaining to the withdrawal of his guilty plea, Mr. Vogel requested additional time within which to familiarize himself with the case and to assess the need to supplement Defendant's motion on that issue. The Court **GRANTED** defense counsel's request and, likewise, **GRANTED** the government's request for additional time to respond to the Motion. Defendant has until **November 6, 2006** to supplement Defendant's motion [Doc. 18] and/or file additional motions in this case. The government has until **November 20, 2006** to file a response to any pretrial motion.

Accordingly, it is **ORDERED:**

(1) Defendant's Motion to Withdraw Plea And For A Review Of Attorney Client Status [**Doc. 18**] is **GRANTED** with regard to the representation issue only. Attorney Patrick Phillips is **RELIEVED** of any further representation of Defendant;

(2) Attorney Robert Vogel is **APPOINTED** as Defendant's counsel of record;

(3) Defendant's oral motion to extend the motion cut-off deadline is **GRANTED**;

(4) The government's oral motion for extension of time to file a response is **GRANTED**;

(5) Defendant has until **November 6, 2006** to supplement Defendant's motion [Doc. 18] and/or file additional motions in this case; and

(6) The government has until **November 20, 2006** to file a response to any pretrial motion.

**IT IS SO ORDERED.**

ENTER:

      s/ H. Bruce Guyton      
United States Magistrate Judge