UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:06-CR-30 |
| V. | ) | (Jarvis / Guyton) |
| | ) | |
| MARK A. TINDELL | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on defendant Mark A. Tindell's Motion To Extend Time to File Motions [Doc. 41], filed on March 9, 2007. This Court has previously granted this defendant leave to file outside the motions deadline due to change of counsel. [Doc. 38]. Afterward, the Court also extended the deadline for filing pre-trial motions in this case from February 15, 2007, to March 9, 2007, because defense counsel requested additional time to review video tape material recently received in discovery. [Doc. 40]. The defendant asks for a second extension of the motion cut-off deadline due to unspecified "scheduling issues" at the Blount County Detention Center and counsel's appearance before the Sixth Circuit in the days preceding the deadline. The United States Attorney's Office reports the government takes no position on this second extension request.

Although defendant Tindell's motion asserts that this additional extension of time will not undermine the current trial date of May 3, 2007, the Court cannot agree. Should pre-trial motions be permitted until March 23, 2007, the government would be granted at least two weeks to

respond.  Depending on the nature of the issues, a hearing may then be appropriate.  The Court would need time to consider filings of the parties, any evidence offered at a hearing and issue a written ruling.  Either defendant Tindell or the United States may then elect to appeal this Court's ruling to the District Court.  It is simply not reasonable to assume that all this could be accomplished before the May 3, 2007, trial date, should the defendant elect to file substantial pre-trial motions at this late date.

This case involves one defendant charged with criminal conduct alleged to have taken place on a single date in a three-count indictment.  In this context, the defendant's Motion gives no compelling reason for another extension of the previously established motions deadline.  Should circumstances warrant, counsel for defendant may, at any time, file a Motion for Leave to File, with a proposed late-filed motion attached.  The Court will consider at that time whether good cause has been shown for a specific late-filed motion.

Accordingly, the Court **DENIES** the defendant's motion to extend time to file motions **[Doc. 41]**, but grants leave for the defendant to file a Motion for Leave to File if the necessity for bringing a specific motion arises.

**IT IS SO ORDERED.**

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge