UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-30 |
| | ) | (Jarvis / Guyton) |
| | ) | |
| MARK A. TINDELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to

28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the

district court as may be appropriate. The following motions are pending and subject to

disposition by this Court:

(1) Request for Disclosure of Exculpatory Evidence [Doc. 48];

(2) Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 49];

(3) Motion for Disclosure of Material Witness [Doc. 50] with Supporting Memorandum [Doc. 51];

(4) Motion for Disclosure of All Statements the Government Will Seek to Attribute to the Defendant [Doc. 52];

(5) Motion for Early Production of Jencks / Rule 26.2 Statements [Doc. 53];

(6) Defendant's Motion and Memorandum For Disclosure of Grand Jury Transcripts [Doc. 54];

(7) Motion for Notice and Disclosure of Witness Statements and Pretrial Hearing for Ruling on Admissibility of Said Statements [Doc. 55];

1

(8) Motion in Limine One and Supporting Memorandum [Doc. 56];

(9) Second Motion In Limine [Doc. 65];

(11) Motion for Notice and Disclosure of Any Evidence the United States Seeks to Introduce at Trial Pursuant to F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 or 807 [Doc. 57];

(12) Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 58];

(13) Motion in Limine to Suppress Evidence Offered Pursuant to F.R.E. 404(b), 608(b), 609, 801(d), 803, 804, or 807 [Doc. 59];

(14) Defendant's Motion in Limine to Suppress any Testimony of any Government Witness Pursuant to Federal Rule of Evidence 403, 404(b), and 609 [Doc. 60];

(15) Motion for Rule 12(b)(4)(B) Disclosure and for Extension of Time to File Motions to Suppress Evidence [Doc. 61];

(16) Defendant's Motion for a Rule 104 In Limine Hearing to Contest the Chain of Custody of Drugs and Other Seized Items [Doc. 62];

(17) Defendant's Motion for Leave to File Further Motions [Doc. 63];

(18) Defendant Mark Anthony Tindell's Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 66] with Memorandum in Support [Doc. 67];

(19) Motion to Suppress Evidence Obtained as a Result of Illegal Warrantless Search [Doc. 46] with Memorandum in Support [Doc. 64]; and

(20) Motion and Memorandum to Suppress Statements of Defendant [Doc. 47];

The Court finds that defendant Tindell's Motion to Suppress Evidence [Doc. 46], and Motion to Suppress Statements [Doc. 47], should they be opposed by the government, fairly raise factual issues and that an evidentiary hearing is appropriate. Mr. Tindell's Second Motion In Limine [Doc. 65] is a functional extension of the suppression motions and the Court reserves

ruling until after an evidentiary hearing is conducted. All other pending pretrial motions are addressed herein, a hearing being unnecessary to their disposition.

### 1. **Request for Disclosure of Exculpatory Evidence**

Defendant Tindell makes a general request for all information and material known to the government or in the possession of the government which may be described as exculpatory or favorable to his defense, including any information that may be used for the impeachment of government witnesses called to testify at trial. [Doc. 48]. The information sought has largely been previously addressed in the Court's Order on Discovery and Scheduling [Doc. 5]. As to Mr. Tindell's request for the criminal records of government witnesses, see Order on Discovery and Scheduling [Doc. 5] at ¶ F. As to material to be used in impeachment of government witnesses, the Court's Order on Discovery and Scheduling [Doc. 5] at paragraph E provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Should the defendant become aware of specific material that may be subject to this provision, he may make a specific Brady request of the government, then bring the matter to the attention of the Court if necessary. Mr. Tindell's Request for Disclosure of Exculpatory Evidence **[Doc. 48]** is **DENIED**. This document also includes a request for material subject to disclosure pursuant to Giglio v. United States, 405 U.S. 150 (1972). This information more

specifically requested by defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 49], accordingly it is addressed below at § 2.

## 2. Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment

Although no authority is provided for the requests made in Defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 49], it is presumed by the Court that defendant seeks impeachment evidence generally referred to as Giglio material. Giglio v. United States, 405 U.S. 150 (1972); see also United States v. Bagley, 473 U.S. 667, 676 (1985). The substance of this motion has been addressed by this Court's Order on Discovery and Scheduling [Doc. 5] at paragraph E. Defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment **[Doc. 49]**, is **DENIED** as moot, have been previously addressed.

## 3. Motion for Disclosure of Material Witness

Defendant Tindell moves the Court to order the government to disclose to the defense names and addresses of all persons known to the government to have been present at the time of the offenses alleged in the indictment, [Doc. 50] citing Roviaro v. United States, 353 U.S. 53 (1957).

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184,

4

1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v.

Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the

identities of confidential informants, the Supreme Court has recognized what has become known

as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality
> the Government's privilege to withhold from disclosure the
> identity of persons who furnish information of violations of law to
> officers charged with enforcement of that law. The purpose of the
> privilege is the furtherance and protection of the public interest in
> effective law enforcement. The privilege recognizes the obligation
> of citizens to communicate their knowledge of the commission of
> crimes to law-enforcement officials and, by preserving their
> anonymity, encourages them to perform that obligation.

> Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair.

Roviaro, 353 U.S. at 60. The informer's privilege must yield when the informant's identity is

"relevant and helpful to the defense of an accused" or "essential to a fair determination of a

cause." Roviaro, 353 U.S. at 60-61. This determination is subject to a case-by-case balancing of

"the public interest in protecting the flow of information against the individual's right to prepare

his defense." Roviaro, 353 U.S. at 62. In performing this balancing, the Court should consider,

among other factors, the charges, the potential defenses, and the significance of the informer's

testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to

significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of confidential informants, a defendant must do

more than speculate that knowing that identity would be helpful to his or her defense. See

United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir.), cert. denied, 439 U.S. 1005

(1978); see also United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants").

To the extent the Mr. Tindell contends that there are informants or operatives who are likely to influence the outcome of the case or are essential to the his preparation for trial, the Court finds that he has failed to make a specific showing to that effect. Accordingly, the defendant's Motion for Disclosure of Material Witness [Doc. 50] is **DENIED**.

## 4. Motion for Disclosure of All Statements the Government Will Seek to Attribute to the Defendant

Mr. Tindell moves the Court to direct the government to disclose any statements he is alleged to have made, Motion for Disclosure of All Statements the Government Will Seek to Attribute to the Defendant, [Doc. 52]. The Court first observes that it has already ordered the disclosure of all statements the government seeks to attribute to the defendant, whether oral or written, in its Order on Discovery and Scheduling, which required disclosure no later than April 14, 2006. [Doc. 5 at (A)(1) and (B)(1)]. This provision includes the statements now requested by defense counsel. Next, the Court notes that Mr. Tindell reports that he has been provided with a copy of some recorded statements:

To date, the government has provided video tape recordings with portions of intelligible conversations between the defendant and law enforcement. It has not been disclosed if other recorded or written records of any statements will be introduced by the government as attributable to Mr. Tindell.

[Doc. 52 at ¶ 2].

It is unclear whether Mr. Tindell is asserting that there are other statements which have not been provided by the government in the 12 months since the discovery deadline or whether

6

this motion was filed as a matter of course without a basis in fact to believe any such statements exist. This Court's Order on Scheduling and Discovery explains: "One principal purpose of this discovery order is to avoid the necessity of counsel for the defendant(s) filing routine motions for routine discovery. Accordingly, counsel for the defendant(s) shall make a request of the government for each item of discovery sought and be declined the same prior to the filing of any motion." [Doc. 5 at page 5].

Because the Order on Discovery and Scheduling has already addressed this issue and there is no indication that Attorney Vogel has made an unfruitful request for disclosure of a statement attributed to the defendant, the Motion for Disclosure of All Statements the Government Will Seek to Attribute to the Defendant **[Doc. 52]** is **DENIED.** If Mr. Vogel has made a request of the government for the defendant's alleged statements and his request has been denied, a Motion to Compel may appropriately bring a specific dispute to the Court's attention.

### 5. Motion for Early Production of Jencks / Rule 26.2 Statements

Mr. Tindell next moves the Court enter an order requiring the government to submit Jencks Act materials to the defendant at least ten days prior the commencement of trial. [Doc. 53]. Defendant argues that early disclosure is necessary to allow defendant time to review the statements and prepare for the cross-examination of government witnesses.

There is no requirement in either The Jencks Act at 18 U.S.C. § 3500 or Federal Rule of Criminal Procedure 26.2 requiring the government to produce statements by government witnesses until after the witness has testified at trial and defendant cites no additional authority for his request. Nothing in the Jencks Act provides a basis for the Court to order early disclosure. United States v. Algie, 667 F.2d 569 (6th Cir. 1982).

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2.

As described by the Sixth Circuit, "the Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. The defendant is only entitled to the statement *after* the witness has testified. " United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982) (emphasis added). Thus, in the present case, defendant Tindell is not entitled to inspect the statements of the government's witnesses unless and until they testify at trial. Accordingly, Mr. Tindell's Motion for Early Production of Jencks / Rule 26.2 Statements **[Doc. 53]** is **DENIED**.

### 6. **Defendant's Motion and Memorandum For Disclosure of Grand Jury Transcripts**

Defendant asks the Court to order the government to turn over the transcripts of testimony given by any person before the grand jury in this case. Mr. Tindell contends that transcripts of individuals who testified before the Grand Jury are discoverable pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B) in that transcripts are "documents" under the rule. The defendant also contends that grand jury testimony should be disclosed when the government demonstrates no need for secrecy and when testimony is necessary to adequately prepare a defense.

Normally, grand jury proceedings are to remain secret. <u>See</u> Fed. R. Crim. P. 6(e). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 222 (1979). By statute, a defendant may challenge compliance with grand jury procedures if the party files a motion containing "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of" the statute. 28 U.S.C. § 1867(d). The present motion does not suggest any irregularities with respect to the grand jury; much less make the requisite statutory showing. Moreover, the Court finds that the defendant is not entitled to pretrial disclosure under the Jencks Act, 18 U.S.C. § 3500. Thus, defendant Tindell's Motion and Memorandum For Disclosure of Grand Jury Transcripts **[Doc. 54]** is **DENIED**.

## 7. Motion for Notice and Disclosure of Witness Statements and Pretrial Hearing for Ruling on Admissibility of Said Statement

This motion makes two categories of request. First, defendant Tindell moves the Court to order production of "any statement of a witness that relates to the subject matter of the witness's testimony." [Doc. 55 at ¶ 1]. In support of this request, Mr. Tindell cites, without discussion, the following grounds:

    A. Federal Rule of Criminal Procedure 12(d);
    B. Federal Rule of Criminal Procedure 12(b)(3)(C);
    C. Federal Rule of Criminal Procedure 26.2;
    D. Federal Rule of Evidence 104;
    E. Federal Rule of Evidence 401;
    F. Federal Rule of Evidence 402;
    G. Federal Rule of Evidence 403;
    H. Federal Rule of Evidence 801(d)(2)(E);
    I. Federal Rule of Evidence 802; and
    J. 18 U.S.C. § 3500.

After production of these statements, Mr. Tindell's second request is that the Court conduct "a pre-trial hearing to determine the admissibility of any unindicted co-conspirator statements pursuant to F.R.E. 801(d)(2)(E)." [Doc. 55 at ¶ 2]. Because the body of Mr. Tindell's motion provides no description of the manner in which this list of rules may fairly support disclosure of the witness statements, the Court will address each cited authority in turn.

### Federal Rules of Criminal Procedure Rule 12

Federal Rule of Criminal Procedure 12(d) provides, in its entirety:

> (d) Ruling on a Motion. The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings o the record.
> Fed. R. Crim. Proc 12(d).

This provision of the rule principally directs the court to decide pretrial motions before trial. It does not have specific pertinence to the issue at hand. Federal Rule of Criminal Procedure 12(b)(3)(C) does not apply to witness statements at all. Rule 12, entitled "Pleadings and Pretrial Motions," at (b)(3)(C) states that motions to suppress must be made before trial. This motion is not a motion to suppress and makes no connection between the witness statements and an anticipated motion to suppress. Further, defendant has filed a Motion to Suppress Evidence [Doc. 46], and Motion to Suppress Statements [Doc. 47] as separate pleadings. This rule of procedure does not apply to witness statements or the government's duty of disclosure.

## The Jencks Act 18 U.S.C. § 3500 and its Corollary, Federal Rules of Criminal Procedure Rule 26.2

Mr. Tindell cites both Rule 26.2 and The Jencks Act in support of pretrial disclosure of witness statements by the government. The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection **until said witness has testified on direct examination in the trial of the case**.

18 U.S.C. § 3500 [emphasis added].

The Jencks Act permits the government to wait for disclosure of statements until after the witness testifies at trial. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988). The Federal Rules of Criminal Procedure have adopted the Jencks Act at Rule 26.2:

> Rule 26.2. Producing a Witness's Statement
>
> (a) Motion to Produce. **After a witness other than the defendant has testified on direct examination**, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.
> Fed. R. Crim. P. 26.2(a) [emphasis added].

11

The Jencks Act and Rule 26.2 are authority for production of the statements of witnesses after they have completed their testimony at trial and simply do not support Mr. Tindell's request. In fact, this Court's Order on Discovery and Scheduling already encourages earlier disclosure than required by the authority cited by defense counsel:

> The government is strongly encouraged to reveal Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials.

Order on Discovery and Scheduling [Doc. 5 at ¶ O].

Defendant's reliance upon the Jencks Act and Rule 26.2 in support of early disclosure of statements is simply misplaced.

**Federal Rule of Evidence 104**

Defendant Tindell cites Rule 104 in further support of his motion for early disclosure of witness statements. Rule 104 does not address pretrial disclosure of witness statements:

> Rule 104. Preliminary Questions
>
> (a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
>
> (b) Relevancy conditioned on fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.
>
> (c) Hearing of jury. Hearings on the admissibility of confessions shall in all cases be conducted out of the

hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice require, or when an accused is a witness and so requests.

(d) Testimony by accused. The accused does not, by testifying upon a preliminary matter, become subject to cross-examination as to other issues in the case.
(e) Weight and credibility. This rule does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility.

Fed. R. Evid. 104.

Should there be a good faith question of admissibility of a witness' testimony generally, an objection at trial may be appropriate, counsel may file a motion in limine bringing the issue to the attention of the Court, or seek other avenues of remedy. However, as to disclosure of witness statements, Rule 104 offers no support for Mr. Tindell's position.

### Federal Rule of Evidence 401

Attorney Vogel also cites Rule 401 in support of his motion for disclosure of witness statements. The entire text of Rule 401 reads:

Rule 401. Definition of "Relevant Evidence"

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
Fed. R. Evid. 401

Evidence is relevant if it tends to prove or disprove a fact in issue tends to establish a fact from which the existence or nonexistence of the fact in issue can be directly inferred, and in some degree advances the inquiry and has probative value. At trial, when an objection is made to relevance of evidence, the court is called upon to

decide if the evidence offered tends to prove the matter sought to be proved. If it does, it is admissible. If it does not, it is not. Rule 401 establishes a definition for an evidentiary objection at trial, not a foundation to support disclosure of statements of witnesses to the defendant pretrial. Rule 401 has no bearing on this issue.

### Federal Rule of Evidence 402

Seeking further support of his request for examination of the statements of government witnesses, Mr. Tindell next cites Federal Rule of Evidence 402, which reads:

> Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible
>
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
> Fed. R. Evid. 402.

This rule simply has no bearing on the issue of witness statements and the timing of their disclosure by the government.

### Federal Rule of Evidence 403

As his next authority, Mr. Tindell relies upon Federal Rule of Evidence 403, which reads:

> Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
>
> Fed. R. Evid. 403.

Rule 403 requires a trial court ruling on the admissibility of evidence when the proposed evidence has been challenged as unduly prejudicial in light of its probative value. Where evidence is challenged under the Rule 403 balancing test, a court should expressly weigh its probative value and prejudicial effect under Rule 403. See United States v. Merriweather, 78 F.3d 1070, 1078 n1 (6th Cir.1996). There is no apparent logical connection between this rule and Mr. Tindell's request for production of witness statements.

### Federal Rule of Evidence 801(d)(2)(E)

Mr. Tindell also relies upon Federal Rule of Evidence 801(d)(2)(E) which provides that a statement offered against a party that is made by a co-conspirator during the course of and in furtherance of that conspiracy is admissible as a non-hearsay statement. Introduction of such statements at trial is subject to the requirement, set out in United States v. Vinson, 606 F.2d 149 (6th Cir.1979), that the government must establish the existence of the conspiracy by a preponderance of the evidence.[1]

The Court has reviewed the rules and statute cited by Mr. Tindell and finds no basis therein for this Court to order production of witness statements by the government in direct contravention of the Jencks Act and Federal Rule of Criminal Procedure 26.2. While some authority cited by Mr. Tindell may pertain to the nature of the hearing he seeks at ¶ 2, none of the rules or statutory authority cited supports early disclosure of "any statement of a witness that relates to the subject matter of the witness's testimony."

---

[1] See U.S. v. Mooneyham, 473 F.3d 280, 287 (6th Cir. 2007), noting that Crawford v. Washington, 541 U.S. 36 (2004), did not disturb the rule that non-testimonial statements, such as those in furtherance of a criminal conspiracy, are constitutionally admissible if they satisfy the standard of Ohio v. Roberts, 448 U.S. 56 (1980).

Mr. Tindell also cites Federal Rules of Evidence Rule 801(d)(2)(E) in support of the relief sought at [Doc. 55] ¶ 2, a pretrial hearing to determine admissibility of any unindicted conspirator statements, in essence moving this Court to conduct a pretrial hearing to determine whether or not the government may satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial.

Under Federal Rules of Evidence Rule 801(d)(2)(E), "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." In order for the government to avail itself of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy. United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979). This three-tiered review is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978).

The Sixth Circuit approves of three alternative methods by which a district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53. While all three methods for making an Enright finding are valid, the Sixth Circuit has criticized the first alternative as

burdensome, time consuming and uneconomic. This Court notes that it is the custom and general practice in this district to use the third of these options. In any event, the request relates directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Judge James Jarvis.

This Court finding none of the authority cited by Mr. Tindell persuasive, his Motion for Notice and Disclosure of Witness Statements and Pretrial Hearing for Ruling on Admissibility of Said Statements **[Doc. 55]** is **DENIED** as to production of statements and to the extent he seeks a pretrial hearing at this time. As to the timing of an Enright finding, District Judge Jarvis will decide whether he desires to choose a method besides the third option before or during trial, as he deems appropriate.

### 8. Motion in Limine One and Supporting Memorandum [Doc. 56]; and Second Motion in Limine [Doc. 65]

In his Motion in Limine One and Supporting Memorandum [Doc. 56], Mr. Tindell asks that the Court enter an Order that "the government make no reference to"the following anticipated evidence and to "deny the admission of the evidence at trial of this case:"

1. Items seized from his residence or discovered or seized as a result of the search of his residence, but not listed in the instant indictment;

2. Drugs, drug money, or any items or evidence associated with the sale or the intent to sell or distribute oxycodone recovered from the defendant or any indicted or un-indicted or separately indicted co-conspirators;

3. Testimony of indicted or un-indicted co-conspirators;

4. Audio or video recordings of the defendant;

5. Testimony that Mr. Tindell possessed stolen property and traded stolen property for drugs;

6. Testimony that Mr. Tindell possessed, for the purpose of the furtherance of a drug trafficking crime, a handgun;

7. Testimony that Mr. Tindell possessed marijuana;

8. Evidence recovered from un-indicted individuals;

9. Other evidence as yet undisclosed by the government.

Mr. Tindell asserts that the above-listed evidence is not relevant under Federal Rules of Evidence 401 and 402, and, alternatively, that such evidence should be excluded under Rule 403. Mr. Tindell also objects to the introduction of any evidence recovered from unindicted co-conspirators, citing Rule 403.

Mr. Tindell is charged in a three-count indictment with being a felon in possession of a firearm; possession with intent to distribute oxycodone; and possession of a firearm in furtherance of a drug trafficking crime. All three criminal acts are alleged to have occurred on January 4, 2006, [Doc. 1]. The Court observes that some categories of evidence described in this list of purported non-relevant evidence directly correlate to the criminal acts alleged in the indictment. For example, it is difficult to imagine a scenario in which the government would be prohibited from introducing "[t]estimony that Mr. Tindell possessed, for the purpose of the furtherance of a drug trafficking crime, a handgun" in a trial alleging that Mr. Tindell possessed a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924.

The Court finds that these nine categories of evidence in this motion in limine depend upon other evidence that may be offered at trial, the evidentiary foundations offered by the government and may be impacted by other pretrial rulings of the District Court, to include ruling upon suppression of evidence raised in other pretrial motions. For these types of reasons, motions in limine are generally ruled upon at trial. See United States v. Yannott, 42 F.3d 999,

1007 (6th Cir. 1994) (holding that a ruling on a motion in limine falls entirely within the district court's discretion.) Accordingly, this Court will refrain from ruling on Mr. Tindell's Motion in Limine One and Supporting Memorandum [Doc. 56] in deference to Judge Jarvis' conduct of the trial.

### 9. <u>Second Motion In Limine</u> [Doc. 65]

Despite its caption as a motion in limine, the relief sought is an additional remedy for Mr. Tindell's motions to suppress evidence related to the search and, accordingly, lends itself to pretrial resolution. Mr. Tindell's motion in limine relies upon Federal Rules of Evidence 104(b), 401, 402 and 403 and asks that:

> ...no government witness be permitted to testify concerning any report, dispatch recordings, information, video tape recording, or any and all other such recordings or documents or reports **concerning the events leading up to, including and subsequent to the illegal interrogation and search** of the defendant on January 4, 2006. Further, that this Court exclude the offering as evidence any such document, report or recording.

> [Doc. 63 at ¶ 1].

The merits of the Second Motion in Limine are dependant upon the outcome of the pending motions to suppress. The Court will reserve ruling on <u>Second Motion In Limine</u> [Doc. 65] until after those motions are heard on May 3, 2007.

### 10. <u>Motion for Notice and Disclosure of Any Evidence the United States Seeks to Introduce at Trial Pursuant to F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 and 807 [Doc. 57]</u>

In this composite motion, Mr. Tindell seeks disclosure of evidence by string-citing nine distinct rules. Although they are not given individualized treatment in Mr. Tindell's motion, each rule is unique, and the Court will address them individually.

### Federal Rules of Evidence Rule 404(b)

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 5] at ¶ I states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. Accordingly, to the extent he requests earlier disclosure, Mr. Tindell's motion for Rule 404(b) evidence **[Doc. 57]** is **DENIED.**

### Federal Rules of Evidence Rule 608 and Rule 609

Federal Rules of Evidence Rule 608[1] permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609 outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b).

Furthermore, the Court questions the practical applicability of requiring pretrial notice of evidence under these rules, especially Rule 609, as they deal with impeachment evidence. The

---

[1]"[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a). The rule does not permit the parties to introduce extrinsic evidence, other than a criminal conviction pursuant to Rule 609, to prove specific instances of conduct for truthfulness. Fed. R. Evid. 608(b). A court has discretion to permit cross-examination of a witness about specific instances of conduct probative of truthfulness or untruthfulness if the questioning relates to the witness's character for truthfulness or untruthfulness or to the truthful or untruthful character of another witness about whom the testifying witness has testified. Fed. R. Evid. 608(b).

Court recognizes that the "credibility of a witness may be attacked by any party, including the party calling the witness." Fed. R. Evid. 607.

The Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be a better position to determine whether a pretrial, jury-out hearing is in order and the admissibility of this evidence in relation to the other evidence introduced at trial. Accordingly, to the extent Mr. Tindell requests pretrial disclosure of Rule 608 evidence of character or conduct and Rule 609 impeachment evidence disclosure, **[Doc. 57]** is **DENIED,** with the issue of the need for a pretrial, jury-out hearing being subject to renewal with the District Court at trial.

### Federal Rules of Evidence Rule 702

The Court's Order on Discovery and Scheduling instructs the government to turn over to the defendant:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, as soon as possible but at least three weeks before trial, unless the Court orders otherwise.

[Doc. 5, ¶A (3)]

The Order on Discovery and Scheduling also provides:

> Unless otherwise ordered by the Court, any disclosure of expert information required by Rule 16(a)(1)(G), Fed.R.Cr.P., shall be made by the government at least three (3) weeks before trial. Any disclosures required by Rule 16(b)(1)(C) shall be made by defendant at least one (1) week before trial unless the Court orders otherwise.

[Doc. 5, ¶L]

The Court finds that it has already ordered the government to turn over the discovery materials which the defendant seeks under the authority of Federal Rules of Criminal procedure Rule 702. This case is set for trial before District Court Judge James Jarvis on August 8, 2007. To the extent the defendant seeks disclosure earlier than that provided by the Order on Discovery and Scheduling, and Rule 16(a)(1)(G), the Court finds no reason to disturb the time frame previously established. Accordingly, the Court finds that Mr. Tindell's motion is premature as to Rule 702 disclosure and, thus, **[Doc. 57]** is **DENIED**.

### Federal Rules of Evidence Rule 703

The Court has reviewed the filings in this case and finds the government has not proposed the introduction of any expert testimony. Accordingly Mr. Tindell's request for disclosure of Rule 703 material, "Bases of Opinion Testimony by Experts" is **DENIED** as moot.

### Federal Rules of Evidence Rule 801

Mr. Tindell next seeks disclosure of evidence to be offered by the government pursuant to Federal Rules of Evidence Rule 801. This Court has previously addressed Mr. Tindell's request for disclosure of information the government may seek to introduce pursuant to Rule 801(d)(2)(E) and will not repeat that analysis. Supra at pages 15 – 17. Statements used for the impeachment of witnesses as provided by Rule 801(d)(1) are subject to disclosure as previously ordered by this Court's Order on Discovery and Scheduling at ¶ E, and United States v. Bagley, 473 U.S. 667 (1985). To the extent that **[Doc. 57]** seeks any earlier or more extensive disclosure of evidence that may be introduced by the government within the scope of Rule 801, it is **DENIED**.

### Federal Rules of Evidence Rule 803

Mr. Tindell next cites Rule 803 evidence in his laundry list of information categories that he asserts the Court should order the government to provide. Rule 803 establishes certain hearsay exceptions in the rules of evidence. The availability of the declarant is immaterial for admission of Rule 803 statements. In the 23 subsections of Rule 803, the Court finds no description of evidence that might be subject to pretrial disclosure beyond that previously ordered in the Court's Order on Discovery and Scheduling [Doc. 5]. To the extent that he seeks material that may be introduced pursuant to Rule 803, **[Doc. 57]** is **DENIED**.

### Federal Rules of Evidence Rule 804

Mr. Tindell moves the Court to order the government to disclose evidence that may be offered at trial under Rule 804. Rule 804 establishes certain hearsay exceptions which require a demonstration that the declarant is unavailable to testify at trial. This Rule does not address pretrial disclosure and the Court finds no reason to deviate from the discovery previously ordered in the Court's Order on Discovery and Scheduling [Doc. 5]. To the extent that he seeks material that may be introduced under the auspices of Rule 804, **[Doc. 57]** is **DENIED**.

### Federal Rules of Evidence Rule 807

There is absolutely no authority for this Court to order pretrial disclosure of the nebulous category of evidence that might be said to fall within the contours of Rule 807, the residual exception provision to the body of the Federal Rules of Evidence hearsay section. To the extent Mr. Tindell seeks disclosure of evidence the government may seek to introduce at trial within Rule 807, **[Doc. 57]** is **DENIED**.

## 11. Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial

This motion duplicates the request made in defendant Tindell's Motion for Notice and Disclosure of Any Evidence the United States Seeks to Introduce at Trial Pursuant to F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 and 807 [Doc. 57] but offers no additional authority. Accordingly, Mr. Tindell's Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial **[Doc. 58]** is **DENIED** for the reasons set forth supra at § 9, pages 18-19.

## 12. Motion in Limine to Suppress Evidence Offered Pursuant to F.R.E. 404(b), 608(b), 609, 801(d), 803, 804, or 807

This motion, likewise, duplicates some of the requests made in defendant Tindell's Motion for Notice and Disclosure of Any Evidence the United States Seeks to Introduce at Trial Pursuant to F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 and 807 [Doc. 57] but offers no additional authority. Accordingly, Mr. Tindell's Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial **[Doc. 58]** is **DENIED** for the reasons set forth supra at § 9.

## 13. Defendant's Motion in Limine to Suppress any Testimony of Any Government Witness Pursuant to Federal Rule of Evidence 403, 404(b), and 609 **[Doc. 60]**

As with the immediately preceding filing [Doc. 58], this motion merely repeats requests made in Mr. Tindell's Motion for Notice and Disclosure of Any Evidence the United States Seeks to Introduce at Trial Pursuant to F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 and 807 [Doc. 57] but offers no new grounds for relief. Defendant's Motion in Limine to

Suppress any Testimony of any Government Witness Pursuant to Federal Rule of Evidence 403, 404(b), and 609 **[Doc. 60]** is **DENIED** for the reasons set forth supra at § 9.

### 14. Motion for Rule 12(b)(4)(B) Disclosure and for Extension of Time to File Motions to Suppress Evidence [Doc. 61]

Mr. Tindell asks that this Court order the government to designate evidence it intends to use in its case-in-chief at trial and also to extend the time for filing of motions to suppress to account for this newly-disclosed material. Mr. Tindell asserts that without this relief he is "ill equipped to make specific motions to suppress evidence until he is aware of what evidence the government intends to use at his trial." [Doc. 61 at ¶ 3]. Mr. Tindell relies upon Rule 12(b)(4)(B) Pleadings and Pretrial Motions, which provides in relevant part:

> (B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) *any evidence that the defendant may be entitled to discover under Rule 16.*

Fed. R. Crim. P. 12 [emphasis added].

The Court has observed, supra at § 4, that the deadline for Rule 16 discovery has long since passed. Because, in the context of evidence that may precipitate a motion to suppress evidence, Rule 12(b)(4)(B) provides for earlier disclosure of "any evidence that the defendant may be entitled to discover under Rule 16", Mr. Tindell's request was moot when filed. Defendant's Motion for Rule 12(b)(4)(B) Disclosure and for Extension of Time to File Motions to Suppress Evidence **[Doc. 61]** is **DENIED** as moot.

**15. Defendant's Motion for a Rule 104 In Limine Hearing to Contest the Chain of Custody of Drugs and Other Seized Items [Doc. 62]**

Mr. Tindell first moves the Court to conduct a pretrial hearing to establish an evidentiary foundation for drugs and guns he anticipates the government will offer at trial, specifically the chain of custody for the evidence. Next, Mr. Tindell would have the Court suppress any evidence for which the government does not demonstrate a proper chain of custody.

Basic evidentiary foundations are not established pretrial. As with most rules, there are exceptions. There is no such exception suggested by Mr. Tindell's motion. Foundation for the admissibility of physical or other evidence will be addressed by Judge Jarvis at trial, as the presentation of evidence proceeds. Furthermore, "challenges to the chain of custody go to the weight of the evidence, not its admissibility." United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990); accord United States. v. Combs, 369 F.3d 925, 938 (6th Cir.2004).

Finding no foundation in law for Mr. Tindell's suggested chain of custody hearing and proposed suppression of evidence, Defendant's Motion for a Rule 104 In Limine Hearing to Contest the Chain of Custody of Drugs and Other Seized Items **[Doc. 62]** is **DENIED.**

**16. Defendant's Motion for Leave to File Further Motions [Doc. 63]**

Mr. Tindell moves the Court for leave to file further motions [Doc. 63] citing his requests for additional disclosure. No specific motion is proposed to be late-filed; rather a general extension of the deadline for motions is sought. Should a particularized need for further motions arise, counsel may file a request as it relates to a specific motion to be filed. Such request should be accompanied by the proposed late-filed motion. Defendant's Motion for Leave to File Further Motions **[Doc. 63]** is **DENIED.**

**17. Defendant Mark Anthony Tindell's Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 66] with Memorandum in Support [Doc. 67]**

Mr. Tindell moves the Court to order the government to disclose the names and addresses of all persons known to the government to have been present at the time of the offenses alleged in the indictment, [Doc. 67] citing Rovario v. United States, 353 U.S. 53 (1957).

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair Roviaro, 353 U.S. at 60. The informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a

cause." Roviaro, 353 U.S. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62. In performing this balancing, the Court should consider, among other factors, the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir.), cert. denied, 439 U.S. 1005 (1978); see also United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants").

To the extent the defendant contends that there are informants or operatives who are likely to influence the outcome of the case or are essential to the his preparation for trial, the Court finds that he has failed to make a specific showing to that effect. Accordingly, Defendant Mark Anthony Tindell's Motion for Disclosure of Identity of Persons Who Were Present or Participated in any Charged Offense Conduct **[Doc. 66]** is **DENIED**.

Accordingly, it is **ORDERED**:

> (1) Request for Disclosure of Exculpatory Evidence **[Doc. 48]** is **DENIED**.
>
> (2) Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment **[Doc. 49]** is **DENIED**.
>
> (3) Motion for Disclosure of Material Witness **[Doc. 50]** is **DENIED**.

28

(4) Motion for Disclosure of All Statements the Government Will Seek to Attribute to the Defendant **[Doc. 52]** is **DENIED**.

(5) Motion for Early Production of Jencks / Rule 26.2 Statements **[Doc. 53]** is **DENIED**.

(6) Defendant's Motion and Memorandum For Disclosure of Grand Jury Transcripts **[Doc. 54]** is **DENIED**.

(7) Motion for Notice and Disclosure of Witness Statements and Pretrial Hearing            for Ruling on Admissibility of Said Statements **[Doc. 55]** is **DENIED**.

(8) Motion in Limine One and Supporting Memorandum **[Doc. 56]** is **DENIED**.

(9) Motion for Notice and Disclosure of Any Evidence the United States Seeks to Introduce at Trial Pursuant to F.R.E. Rules 404(b), 608, 609, 702, 703, 801, 803, 804 or 807 **[Doc. 57]** is **DENIED**.

(10) Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial **[Doc. 58]** is **DENIED**.

(11) Motion in Limine to Suppress Evidence Offered Pursuant to F.R.E. 404(b), 608(b), 609, 801(d), 803, 804, or 807 **[Doc. 59]** is **DENIED**.

(12) Defendant's Motion in Limine to Suppress any Testimony of any Government Witness Pursuant to Federal Rule of Evidence 403, 404(b), and 609 **[Doc. 60]** is **DENIED**.

(13) Motion for Rule 12(b)(4)(B) Disclosure and for Extension of Time to File Motions to Suppress Evidence **[Doc. 61]** is **DENIED**.

(14) Defendant's Motion for a Rule 104 In Limine Hearing to Contest the Chain of Custody of Drugs and Other Seized Items **[Doc. 62]** is **DENIED**.

(15) Defendant's Motion for Leave to File Further Motions **[Doc. 63]** is **DENIED**.

(16) Defendant Mark Anthony Tindell's Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct **[Doc. 66]** is **DENIED**.

This Court will conduct an evidentiary hearing on May 3, 2007, at 9:00, on Mr. Tindell's Motion to Suppress Evidence Obtained as a Result of Illegal Warrantless Search [Doc. 46]; Motion and Memorandum to Suppress Statements of Defendant [Doc. 47], along with Second Motion In Limine [Doc. 65].

**IT IS SO ORDERED.**

ENTER:

H. Bruce Guyton
United States Magistrate Judge

4/25/07