UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:06-cr-30 |
| | ) | (VARLAN/GUYTON) |
| MARK ANTHONY TINDELL | ) | |

# **MEMORANDUM AND ORDER**

On March 7, 2006, the grand jury returned a three-count indictment charging the defendant as follows:

> (1) Possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (count one);
>
> (2) Possession with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count two); and
>
> (3) Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count three)

[*See* Doc. 1]. On September 21, 2007, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a 22-page Report and Recommendation (R&R) [Doc. 93] in which he recommended that defendant's motion to suppress evidence [Doc. 46], his motion to suppress statements [Doc. 47], his second motion *in limine* [Doc. 65], and his motion to dismiss [Doc. 70] be denied. Thus, Judge Guyton recommended that the firearms, ammunition, drugs, cash, and paraphernalia that were seized during the warrantless search

of defendant's apartment be admitted at trial, as well as all statements made by the defendant before or after his arrest on January 4, 2006.

This matter is presently before the Court on defendant's timely objections to the R&R [Doc. 94]. As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which defendant objects. After doing so, the Court finds itself in agreement with Judge Guyton's thorough analysis of the legal issues arising from the suppression hearing conducted by him on July 30, 2007 [*see* Doc. 86]. Consequently, it would serve no useful purpose to reanalyze those issues which, in the Court's view, have been completely and correctly analyzed by Judge Guyton. Furthermore, many of the objections pertain to credibility determinations by Judge Guyton, which this Court will not disturb. The Court will, however, address two of the pending objections because one relates to an issue not discussed by Judge Guyton and the other relates to a statement by Judge Guyton which greatly troubles defendant because it is unsupported by any legal authority.

I.

In his objections, defendant contends that not only should all of the evidence be suppressed but also that the indictment itself should be dismissed based on the undisputed fact that defendant's residence is just outside the city limits of Knoxville, Tennessee. Defendant contends therefore that none of these police officers with the Knoxville Police Department (KPD) had any jurisdiction to apprehend or arrest him just outside his residence.

Tennessee law, however, is to the contrary. More specifically, Tenn. Code Ann. § 6-54-301 provides in pertinent part as follows:

> The police authority of all incorporated towns and cities shall extend to a distance of one (1) mile from the lawful corporate limits thereof, for the suppression of all disorderly acts and practices forbidden by the general laws of the State ... .

During the suppression hearing, KPD Officer Brian Headrick testified without dispute that defendant's apartment was near the intersection of Sanford Road and Dry Gap Pike, which intersection lies within the City of Knoxville [*see* Doc. 88, p.7]. Moreover, Officer Headrick testified, again without dispute, that defendant's apartment was approximately 200 to 300 yards from that intersection and, although that apartment was just outside the city limit, it was within a mile perimeter of the city limit [*id.*].

Based on this undisputed testimony, the Court concludes that the KPD officers did not exceed their authority pursuant to this Tennessee statute when they approached the defendant near his apartment and later placed him under arrest outside his apartment. Thus, the location of defendant's apprehension and arrest provides no basis to dismiss this indictment nor to suppress any of the evidence at issue. Defendant's objection to the contrary will therefore be overruled.

## II.

Defendant also objects to Judge Guyton's statement that, "[v]oluntariness does not mean that the consenter was under *no* pressure to consent, however." [*See* Doc. 93, p.21 (emphasis in original)]. Defendant's objection, however, places undue emphasis on this

3

isolated statement by extracting it from Judge Guyton's pronouncements both before and after this statement. In order to keep that statement in context, it must be considered in its proper placement in the paragraph, which states verbatim as follows:

> The Court finds that the officers did not act in an unduly coercive manner. They were admittedly at the apartment complex for a purpose contrary to Tindell's penal interest. Tindell may have been uncomfortable by their presence, either because he had an outstanding warrant or because their allegations [regarding the drug activity involving Oxycontin] were accurate. Voluntariness does not mean that the consenter was under *no* pressure to consent, however. Although he may have believed the police would search his residence anyway, an effective consent does not require that Tindell knew that he had a right to refuse consent to search his apartment. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). Viewing the totality of the circumstances surrounding this interaction, the Court finds that Tindell voluntarily gave his name to the officers, he volunteered the fact that he may have an outstanding arrest warrant, he voluntarily admitted to possession of four guns in his apartment, and he voluntarily consented to a search of his apartment. Moreover, Tindell testified that he was "pretty pilled up" during this event, having snorted six to eight Oxycontin that evening. Given that, it is quite reasonable to believe Headrick's testimony that Tindell passively consented to the search and willingly gave incriminating statements to the officers.

[*Id.* at pp.20-21].

Viewed in its complete context, Judge Guyton's statement means nothing more than Tindell probably felt pressure under the circumstances based on his outstanding warrant or based on the fact that the KPD officers appeared to have considerable information about his drug dealing. The key point in all of this, however, is that Judge Guyton ultimately concluded that police coercion did not contribute to defendant's statements and admissions.

4

Judge Guyton correctly concluded in effect that the totality of the circumstances indicates that any statement by Tindell was the product of free and rational choice rather than any police coercion. There is ample case law supporting Judge Guyton's conclusion that the situation in this case falls far short of the police coercion required to render a defendant's statement involuntary. *See, e.g., United States v. Gatewood*, 184 F.3d 550, 555-56 (6th Cir. 1999) (rejecting the defendant's claim that his confession was involuntary where, among other things, the interrogation was "conducted during regular business hours" and lasted only 3.5 hours, despite the defendant's allegation that the officers had threatened to charge him with other crimes and keep him from his wife); *Ledbetter v. Edwards*, 35 F.3d 1062, 1069-70 (6th Cir. 1994) (holding that the petitioner's confession was voluntary where, even though officers told the petitioner lies to induce his statement and the interrogation took place in the midnight hours, no physical punishments or threats were used, he had not been denied any physical necessities, and the interrogation was not unduly lengthy); *United States v. Thomas*, 1997 WL 764495 (6th Cir. 1997) (unpublished disposition) (holding that confession was voluntary where uniformed and armed officers told the defendant that it would be better if he told the truth, but did not express their view of the punishment he faced, and made no promises to the defendant). The Court also observes that the questioning occurred near an apartment complex, a non-coercive location. *See Berkemer v. McCarty*, 468 U.S. 420, 438 (1984). Thus, based on these authorities, defendant's objection on this issue will be overruled.

III.

For the reasons foregoing, as well as the reasons articulated by Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 94] are hereby OVERRULED in their entirety whereby the R&R [Doc. 93] is ACCEPTED IN WHOLE. Accordingly, the following motions filed by the defendant are DENIED in their entirety:

1. Motion to suppress evidence [Doc. 46];

2. Motion to suppress statements [Doc. 47];

3. Second motion *in limine* [Doc. 65];

4. Motion to dismiss [Doc. 70].

The Court will therefore allow the introduction of the firearms, ammunition, cash, and paraphernalia that were seized during the warrantless search of defendant's apartment, as well as any statements made by defendant, at the trial of this matter which is presently set for November 13, 2007.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE