UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:06-CR-30 |
| | ) | (VARLAN/GUYTON) |
| MARK A. TINDELL, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate.

This matter is before the Court upon the Defendant Mark A. Tindell's ("Tindell") Motion To Exclude Testimony And Evidence [Doc. 105], specifically, expert testimony proposed by the government. The government has provided notice that it intends to present the testimony of Special Agent Dave Lewis ("Lewis") of the D.E.A. at the trial of this matter. Tindell objects to the testimony of Lewis, citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

According to Tindell, the government proposes to offer Lewis as an expert witness at trial and has described what Lewis' testimony is expected to show [Doc. 105]. Tindell objects to Lewis as an expert generally, and in particular to his testimony to two conclusions: that the circumstances surrounding Tindell's possession of oxycodone is consistent with distribution and inconsistent with personal use; and that the firearm found on Tindell is consistent with a firearm used during, and in relation to, a drug crime.

1

In 1993 the United States Supreme Court changed the standard for admission of expert testimony in federal courts with its decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The Court in Daubert held that Rule 702 of the Federal Rules of Evidence requires a trial court to ensure that scientific testimony is relevant and reliable. Daubert, 509 U.S. at 589.

Rule 702 of the Federal Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Daubert opinion enumerated non-exclusive factors to guide the trial court's consideration. The Daubert Court stated that its discussion was "limited to the scientific context," as opposed to "technical, or other specialized knowledge" to which Rule 702 also applies. The Sixth Circuit has consistently held that expert testimony by a law enforcement officer about the method of operation of drug dealers and the role of firearms in drug trafficking is admissible to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. See e.g., United States v. Thomas, 74 F.3d 676, 682 (6th Cir. 1996); United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991), cert. denied, 502 U.S. 1119 (1992); United States v. Pearce, 912 F.2d 159, 163 (6th Cir. 19900, cert. denied, 498 U.S. 1093 (1991). In fact, the Court observes that the Sixth Circuit has specifically addressed Special Agent David Lewis' qualifications as an expert in this context:

> Here, the district court did not abuse its discretion because Agent Lewis, a qualified law enforcement agent with 22 years of experience and extensive drug-investigation training, testified about illegal drug operations information beyond the ken of the average layman, and the district court gave the usual cautionary instruction regarding expert testimony.

United States v. List, 200 Fed.Appx. 535, 545 (6th Cir., 2006).

In List, Agent Lewis testified "about how much drugs are worth on the street, how drug dealers sometimes use code words to disguise their transactions, how possession of large drug quantities indicates commercial rather than personal use, how drugs are packaged and shipped, and how drug dealers typically use and carry firearms." Id. The Sixth Circuit stated, "this court has held that drug-enforcement agents may testify as experts on the operations and characteristics of drug-trafficking organizations." Id., (citing United States v. Swafford, 385 F.3d 1026, 1030 (6th Cir. 2004).

The Court finds that a Daubert hearing would not assist the trial court in determining the admissibility of this proposed expert's testimony. Accordingly, defendant Tindell's Motion **[Doc. 105]** is **DENIED**. This ruling does not limit defendant's ability to object to the testimony at trial should the government fail to lay a proper foundation or if any specific testimony is not relevant.

IT IS SO ORDERED.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

3