UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-30 |
| | ) | (VARLAN/GUYTON) |
| MARK A. TINDELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the Defendant's *pro se* motion for substitution of appointed counsel [Doc. 139], filed on November 5, 2009, and referred to the undersigned on November 19, 2009 [Doc. 141] pursuant to 28 U.S.C. § 636(b). The parties appeared before the undersigned on November 23, 2009, for a hearing on the Defendant's motion. Assistant United States Attorney Tracy Stone appeared on behalf of the Government. Attorney Robert Vogel, appointed counsel for the Defendant, was present, as was the Defendant.

At the hearing, the Defendant asked the Court to order Attorney Vogel to withdraw from representing him and to appoint new counsel. The Government objected to the Defendant's motion for new counsel and noted that the Defendant had already been granted two prior requests for substitution of counsel in this case.

The Court asked the Government to leave the courtroom and conducted a sealed, *ex parte* hearing to inquire into the reasons for the Defendant's dissatisfaction with his representation by Attorney Vogel. The Court heard confidential statements from Attorney Vogel and the Defendant

in order to determine whether good cause for the appointment of new counsel exists in this case. The rule in this Circuit is that a defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the statements of Attorney Vogel and the Defendant in the *ex parte* hearing, the Court finds that the trust vital to the attorney-client relationship between Attorney Vogel and the Defendant is not irreparably and irretrievably broken. The Court also finds that there is no conflict of interest and that Attorney Vogel and the Defendant are able to communicate with each other effectively.

After carefully considering the positions of the Defendant, defense counsel, and the government, the Court concludes that the Defendant's motion is not well-taken and that no cause exists to substitute new counsel for Attorney Vogel. The Defendant's motion for substitution of appointed counsel **[Doc. 139]** is **DENIED**, and Attorney Vogel will continue as appointed counsel for the Defendant.

With regard to scheduling in this case, the sentencing scheduled before the Honorable Thomas A. Varlan, United States District Judge, for November 23, 2009, is reset to **November 25, 2009, at 2:00 p.m.**

It is **ORDERED**:

(1) The Defendant's motion for substitution of appointed counsel **[Doc. 139]** is **DENIED**;

(2) Attorney Robert Vogel will continue as the Defendant's counsel of record; and

(3) The sentencing in this matter is reset to **November 25, 2009, at 2:00 p.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

                                                ENTER:

                                                s/ H. Bruce Guyton
                                           United States Magistrate Judge